# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| AMERICAN PATRIOTS ADVOCATING FOR DISABLED RIGHTS, INC., *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>BUDGET SUITES OF AMERICA LLC, NV-704, *et al.*,<br><br>    Defendants. | Case No. 2:09-CV-01528-KJD-GWF<br><br>**ORDER** |

Presently before the Court is Defendants' Motion to Dismiss (#35). Plaintiffs filed a response in opposition (#37) to which Defendants replied (#41). Plaintiffs' Motion to Extend (#36) is granted *nunc pro tunc.*

I. Background

Defendants are Nevada limited liability companies doing business under the name Budget Suites of America ("Budget Suites"). Each Budget Suites is a residential facility where tenants are given the option of renting by the week or month. Each facility consists of multiple two or three-story buildings containing one and two bedroom apartments. Each unit consists of a full kitchen, including a standard size oven and stove and a full size refrigerator. Each apartment is furnished with at least one bed, couch and a coffee table.

American Patriots is a self-described "advocacy" group. Plaintiffs Michele Joseph ("Joseph") and Mark Allison ("Allison") are members of the group and allege that they are disabled as defined by the Americans with Disabilities Act ("ADA"). Joseph and Allison also assert that they act as "testers" for American Patriots seeking out public facilities for the purpose of discovering and engaging discrimination against the disabled in public accommodations. They test barriers to access to determine whether or not they are illegal.

Joseph "visited" two Budget Suite locations in Las Vegas, Nevada for one week in August and October 2008. Allison also "visited" two Budget Suite locations in Las Vegas, Nevada for one week in October and November 2008. Joseph and Allison claim that they were denied access and full enjoyment of the goods, services and facilities of Budget Suites, though neither complained to management of Defendants during their alleged week-long stays. Both Allison and Joseph have permanent residences in Las Vegas, Nevada. Neither Plaintiff has returned to Budget Suites since November 2008.

Defendants have now moved to dismiss this action asserting that no actual case or controversy exists and that Plaintiffs lack Article III standing under the U.S. Constitution. Additionally, Defendants assert that the Court lacks subject matter jurisdiction because the ADA does not apply to facilities such as Budget Suites.

II.  Article III Standing

Article III of the U.S. Constitution limits the jurisdiction of federal courts to "cases" and "controversies." The "core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 559 (1992). See also City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983) ( "those who seek to invoke the jurisdiction of the federal courts must satisfy the threshold requirement imposed by Art. III of the Constitution by alleging an actual case or controversy").

The irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact"-an invasion of a legally protected interest, which is (a)

concrete and particularized, and (b) "actual or imminent, not 'conjectural or hypothetical.' " Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... the result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." Lujan, 504 U.S. at 560-61(internal citations omitted; alterations in original).  All three elements must exist in order for plaintiff to have standing.  See Vt. Agency of Natural Res. v. United States ex rel. Stevens, 529 U.S. 765, 771(2000).

"The party invoking federal jurisdiction bears the burden of establishing these elements." Lujan 504 U.S. at 561(citation omitted).  Because these elements "are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e. with the manner and degree of evidence required at the successive stages of litigation." Id.

Standing must exist at the time the action is filed, id. at 569-70 n. 4, in this case, as of August 14, 2009.  Plaintiffs cannot establish standing by showing later actions or post-filing intent.  See id. In addition, a mere profession of an intent to return to a previously visited place is not enough. "Such 'some day' intentions-without any description of concrete plans, or indeed even any specification of when the some day will be-do not support a finding of the 'actual or imminent' injury...." Lujan, 504 U.S. at 564.

At this stage of the litigation, the Court finds that Plaintiffs Joseph and Allison have failed to meet their burden in furnishing sufficient facts to establish that they have suffered a concrete and particularized injury-in-fact, risk of actual or imminent injury, that the risk of injury is fairly traceable to Defendants, and that a favorable decision would redress the injury.  See Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1137-38 (9th Cir. 2002).  Plaintiffs have merely expressed, at best, a mere allegation of an intent to return to Budget Suites.  See Tandy v. City of Wichita, 380 F.3d 1277, 1288 (10th Cir. 2004)(expressed desire or mere allegation does not imply an

1  intent to return).  The Court, given Plaintiffs' close residential proximity to Budget Suites, finds that
2  it is more likely than not that Plaintiffs do not intend to vacation further at Budget Suites in the same
3  city in which they reside.  Plaintiffs have no history of patronizing Budget Suites, have no definitive
4  plan to return, and live relatively close to the lodging establishment.  See Harris v. Stonecrest Auto
5  Care Center, LLC, 472 F. Supp.2d 1208, 1216 (listing factors used to evaluate plaintiff's expressed
6  intention to return to a facility).

7  Furthermore, the Court finds that American Patriots does not qualify for associational
8  standing, because Allison and Joseph have not established that they would otherwise have standing
9  to sue in their own right.  See Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 343 (1977).
10 Therefore, the Court dismisses Plaintiffs' action in accordance with Federal Rule of Civil Procedure
11 12 (b)(1), because Plaintiffs lack Article III standing.

12 III.  Subject Matter Jurisdiction

13 Title III of the ADA prohibits discrimination by a private entity on the basis of disability
14 when that entity owns, operates, or leases a place of "public accommodation."  42 U.S.C. § 12182(a).
15 The statute defines a public accommodation as "an inn, hotel, motel, other places of lodging" if they
16 affect commerce.  42 U.S.C. §12181(7)(A).  Apartment complexes are not places of public
17 accommodation and they are not included in the generic descriptive phrase "other place of lodging"
18 for purposes of the ADA.  See Independent Housnig Servs. of San Francisco v. Fillmore Center
19 Assocs., 840 F. Supp. 1328, 1344 (N.D. Cal. 1993).

20 The question is whether Budget Suites is transient lodging or residential, like apartments and
21 condominiums.  The Court agrees that Budget Suites maintains the characteristics of more permanent
22 residential living and does not fall within the purview of the ADA for the following non-exclusive
23 reasons: (1) eighty-four percent (84%) of Budget Suites' unit are occupied for longer than a month
24 and fifty-two percent (52%) are occupied for longer than six months; (2) Clark County does not
25 collect transient lodging tax for residents staying more than thirty days; (3) units are only cleaned by
26 Budget Suites after each stay, not on a daily or even weekly basis; (4) Budget Suites does not provide

linen or maid service; (5) Budget Suites does not provide laundry service, but maintains pay-per-use laundry facilities for residents; (6) each tenant is responsible for their own trash removal; (7) Budget Suites does not have conference or meeting rooms; (8) fees or rent are incurred at the beginning of the tenancy; and (9) tenants pay security deposits and cleaning fees.  Accordingly, even if the Court found that Plaintiffs had standing, the Court would grant the motion to dismiss for lack of subject matter jurisdiction.

IV.  State Law Claims and Supplemental Jurisdiction

Finally, Plaintiffs also raise state law claims.  A district court has discretion to decline to exercise supplemental jurisdiction over a claim if all other claims have been dismissed or if the claim raises a novel or complex issue of state law.  See 28 U.S.C. § 1367(c).  Since the Court has dismissed all other claims for lack of standing, the Court declines to exercise its supplemental jurisdiction over Plaintiffs' state law claims.

V.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (#35) is **GRANTED**.

DATED this 29th day of March 2011.

_____
Kent J. Dawson
United States District Judge